UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |  |
|---|---|---|
| JEFFERY HENRY, | : | NO. 1:13-CV-00081 |
|  | : |  |
| Petitioner, | : |  |
|  | : |  |
| vs. | : | **OPINION AND ORDER** |
|  | : |  |
| WARDEN, CHILLICOTHE | : |  |
| CORRECTIONAL INSTITUTION, | : |  |
|  | : |  |
| Respondent. | : |  |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 16), and Petitioner's Objection (doc. 23). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation and DENIES Petitioner's Petition for Writ of Habeas Corpus (doc. 9).

**I.  Background**

Petitioner had a sexual encounter with his wife's niece at his mortgage business on February 10, 2010 (doc. 16). Later that day he received a phone call from the niece's boyfriend, demanding $5,000 in exchange for not telling Petitioner's wife about the encounter (Id.). Petitioner indicated he needed time to raise the money (Id.). Ultimately Petitioner only pulled together $1,500 and indicated he needed more time (Id.). Soon thereafter, police contacted Petitioner investigating an allegation of rape (Id.).

The Hamilton County, Ohio grand jury charged Petitioner with two counts of rape and one count of gross sexual imposition

(Id.).  Petitioner pled not guilty to each charge (Id.).  He went to trial before the bench, which found him guilty of one charge of rape and not guilty on the remaining counts (Id.).  The Court sentenced Petitioner to a four-year term of incarceration (Id.).  Petitioner's sentence was affirmed on appeal (Id.).  The Ohio Supreme Court denied Petitioner leave to appeal, dismissing the appeal "as not involving any substantial constitutional question" (Id.).

Petitioner filed the instant federal habeas action on February 4, 2013, asserting two grounds for relief.  In Ground One, Petitioner contends his due process rights were violated by a conviction based on insufficient evidence (Id.).  In Ground Two, he contends the state courts erred as his conviction is contrary to the manifest weight of the evidence (Id.).

## II.  Discussion

The Magistrate Judge reviewed the record and found Petitioner not entitled to habeas relief (doc. 16).  As an initial matter, she concluded Petitioner's "manifest weight of the evidence claim" raises only an issue of state law, and therefore is not cognizable in federal habeas corpus proceeding (Id. citing 28 U.S.C. §2254(a), Pulley v. Harris, 465 U.S. 37, 41 (1984)).

With regard to Ground One, the Magistrate Judge found the relevant standard with regard to sufficiency of the evidence was established in Jackson v. Virginia, 443 U.S. 307 (1979) (Id.).  Under such standard, the relevant question "is whether, after viewing the evidence in the light most favorable to the

prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson</u>, 443 U.S. at 319.   Here, the Magistrate Judge noted evidence that the victim told Petitioner "no" in response to his advances, tried to push him away, and testified that she felt as if she was being overpowered (doc. 16).   When viewing all of the evidence in the light most favorable to the prosecution, the Magistrate Judge concluded such evidence was constitutionally sufficient to sustain Petitioner's conviction (<u>Id</u>.).   The Magistrate Judge further noted that Petitioner offered his own interpretation of the facts, but it is not the province of the court to reweigh the evidence on habeas review (<u>Id</u>. <u>citing</u> <u>Matthews v. Abramajtys</u>, 319 F.3d 780, 788 (6th Cir. 2003)).   In sum, the Magistrate Judge found the Ohio Court of Appeals' adjudication of Petitioner's sufficiency of the evidence claims involved a reasonable application of the <u>Jackson</u> standard and was based on a reasonable determination of the facts in light of the evidence presented at trial (<u>Id</u>.).   Accordingly, the Magistrate Judge concluded Ground One lacking in merit such that Petitioner's petition should be denied (<u>Id</u>.).

Petitioner responds that he seeks <u>de novo</u> review, and that the fact that the victim and her boyfriend attempted to extort money from him should weigh in his favor (doc. 23).   Petitioner contends the verdicts were inconsistent (<u>Id</u>.).   He argues the evidence shows the victim was free to leave at any time, but stayed at the outer office (<u>Id</u>.).   He contends the victim does not claim

any force was used or that he threatened her (Id.).  He contends the state courts lost their way and he is entitled to a reversal of his conviction (Id.).  Finally he contends he should at minimum be entitled to a certificate of appealability (Id.).

The Court has reviewed this matter de novo pursuant to 28 U.S.C. § 636, and finds the Magistrate Judge's Report and Recommendation thoughtful, well-reasoned, and correct.  This is a sad case.  Petitioner has a view regarding the encounter that resulted in his conviction.  The Court cannot reweigh the evidence, but is limited to reviewing whether a rational trier of fact could have concluded Petitioner was guilty.  Here, there was sufficient evidence that the encounter was not consensual, and a rational trier of fact could have reached the conclusion that Petitioner was guilty as charged.  The state court made a credibility determination that this Court cannot revisit.

Finally, as noted by the Magistrate Judge, to the extent Petitioner maintains he is entitled to relief based on inconsistent verdicts, such claim fails.  Consistency in the verdict is not necessary.  Dunn v. United States, 284 U.S. 390, 393 (1932).

## III.  Conclusion

Having reviewed this matter de novo pursuant to 28 U.S.C. § 636, the Court finds well-taken the Magistrate Judge's conclusion that Petitioner's Ground Two is not cognizable and Ground One is without merit.  Accordingly, Petitioner is not entitled to the relief he seeks.

Proper Notice has been given to the parties under 28

4

U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report and Recommendation in a timely manner.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

The Court therefore ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 16), and DENIES WITH PREJUDICE Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (doc. 9).

The Court further FINDS that a certificate of appealability should not issue with respect to any of the claims for relief alleged in the Petition, which this Court has concluded is barred from review on a procedural ground because under the first prong of the applicable two-part standard "jurists of reason would not find it debatable whether this Court is correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).  Finally, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by Petitioner to proceed on appeal in forma pauperis, an appeal of this Order would not be taken in "good faith" and therefore the Court DENIES Petitioner leave to appeal in forma pauperis upon a showing of financial necessity.  Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

Dated: October 23, 2014          s/S. Arthur Spiegel
                                 S. Arthur Spiegel
                                 United States Senior District Judge